IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01306-BNB

ANTONIO LOYA,

    Applicant,

v.

WARDEN SUSAN JONES, P.O. Box 600, Cañon City, Colorado 81215, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Antonio Loya, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Centennial Correctional Facility in Cañon City. Mr. Loya filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Weld County, Colorado, district court case number 00CR990.

In an order filed on August 13, 2008, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 20, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period, among other arguments for dismissal. Applicant has not filed a Reply to the Pre-Answer Response.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2008

GREGORY C. LANGHAM
                      CLERK

The Court must construe liberally the habeas corpus application filed by Mr. Loya because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Following a jury trial, Mr. Loya was convicted on May 15, 2001, in Weld County District Court Case No. 00CR990 of two counts of robbery. The state court adjudicated him an habitual criminal, and on June 19, 2001, sentenced him to concurrent, twenty-four-year terms in the DOC. On November 29, 2002, the convictions were affirmed on appeal in *People v. Loya*, No. 01CA1436 (Colo. Ct. App. Nov. 29, 2002) (not selected for publication). On April 28, 2003, the Colorado Supreme Court denied certiorari review. Mr. Loya does not allege that he appealed to the United States Supreme Court.

On May 3, 2004, he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on October 20, 2005. On May 25, 2006, Mr. Loya appealed from the denial of the Colo. R. Crim. P. 35(c) motion to the Colorado Court of Appeals, which on March 1, 2007, affirmed the state trial court's order. *See People v. Loya*, No. 05CA2497 (Colo. Ct. App. Mar. 1, 2007) (not selected for publication). On June 11, 2007, the state supreme court denied certiorari review. On June 13, 2008, Mr. Loya submitted the instant application to this Court for filing. He asserts five claims.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Loya did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court

3

denied certiorari review on April 28, 2003, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from April 29, 2003, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on July 28, 2003, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Loya does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on April 29, 2003, the day after his conviction became final. Mr. Loya did not submit his application to this Court until June 13, 2008.

Respondents concede that the one-year limitation period was tolled while the postconviction motion Mr. Loya filed was pending in state court, and the Court agrees. Therefore, the period from May 3, 2004, to June 11, 2007, when the Colo. R. Crim. P. 35(c) postconviction motion was pending in state court, does not count against the one-year limitation period.

However, the 280 days after the judgment of conviction became final on July 28, 2003, and before the Colo. R. Crim. P. 35(c) motion was filed on May 3, 2004, count against the one-year limitation period. In addition, the gap of 368 days from June 11, 2007, when the Colorado Supreme Court denied certiorari review, until June 13, 2008, when Mr. Loya's habeas corpus application was received for filing in this Court, count

4

against the one-year limitation period. As a result, the Court finds that a total of 648 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reasons to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Loya bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Loya fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Loya fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Because the instant application will be denied as time-barred, the Court need not address Respondents' remaining arguments for dismissal. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 20 day of Oct., 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01306-BNB

Antonio Loya
Prisoner No. 62550
Centennial Corr. Facility
PO Box 600
Cañon City, CO 81215- 0600

Christine C. Brady
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/08

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk